UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 10-00870 |
| Lambros J. Kutrubis, | ) | Honorable Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | Hearing Date:  February 8, 2011 |
| | ) | Time:  10:00 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:          Baldi Berg & Wallace Ltd
                             Attorneys at Law

Authorized to Provide        Lambros J. Kutrubis
Professional Services to:    Debtor and Debtor in Possession


Date of Order Authorizing
Employment:                  February 2, 2010

Period for Which
Compensation is sought:      October 12, 2010 through January 21, 2011

Amount of Fees sought:       $35,247.50

Amount of Expense
Reimbursement sought:        $489.99

This is an:      Interim Application  __      Final Application  **X**

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| May 5, 2010 | 1/7/2010 - 4/30/2010 | $ 24,498.50 fees $1,039.00 exp. | $ 24,498.50 fees $ 1,039.00 exp. |
| November 9, 2010 | 4/30/2010 – 10/12/2010 | $ 53,702.50 fees $319.61 exp. | $ 53,447.50 fees $ 319.61 exp. |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:  $  27,000.00  .

Dated:  January 26, 2011            Baldi Berg & Wallace, Ltd.


                                    By:    /s/ Joseph A. Baldi
                                         One of its Principals

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | **Case No. 10-00870** |
| **Lambros J. Kutrubis,** | ) | **Hon. Eugene R. Wedoff** |
| | ) | **Hearing Date: February 8, 2011** |
| Debtor. | ) | **Time: 10:00 a.m.** |

**Notice of Application**

To:      See Attached Service List

**PLEASE TAKE NOTICE** that on **February 8, 2011**, at the hour of 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in Room 744 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Third and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Baldi Berg & Wallace, Ltd., Former Attorneys for Debtor in Possession**, a copy of which is attached hereto and hereby served upon you.

Joseph A. Baldi
Donna B. Wallace
Baldi Berg & Wallace, Ltd.
Suite 1500
19 South LaSalle Street
Chicago, IL  60603

**Certificate of Service**

I, Joseph A. Baldi, an attorney, hereby certify that I caused a true and correct copy of the foregoing Notice of Motion and the document identified therein to be served on the persons on the attached service list at their respective addresses via electronic mail and/or first class mail delivery, as indicated on the attached service list, on January 26, 2011.

   /s/ Joseph A. Baldi

SERVICE LIST
**Lambros J. Kutrubis debtor**
**Case No. 10 B 00870**

Office of the U.S. Trustee
219 S. Dearborn St.
Room 873
Chicago, IL  60604
USTPRegion11.ES.ECF@usdoj.gov
Via Electronic Notice

Raymond J Ostler
Gomberg Sharfman Gold Et Al
208 S Lasalle St Ste 1200
Chicago, IL 60604
rostler@gsgolaw.com
Via Electronic Notice

Robert R Benjamin
Golan & Christie, LLP
70 West Madison Street
Suite 1500
Chicago, IL 60602
rrbenjamin@golanchristie.com
Via Electronic Notice

Beverly A Berneman
Golan & Christie, LLP
70 West Madison Street
Suite 1500
Chicago, IL 60602
baberneman@golanchristie.com
Via Electronic Notice

Lambros J. Kutrubis
300 N. State Street, Apt 4208
Chicago, IL 60654
Via First Class Mail

Juris Kins
Davis McGrath LLC
125 S Wacker Drive, Suite 1700
Chicago, IL 60606
jkins@davismcgrath.com
Via Electronic Notice

Elias Mantzavrakos
Law Offices of Elias Mantzavrakos
1480 Renaissance Dr. Ste. 412
Park Ridge, IL 60068
emantzaslaw@aol.com
Via Electronic Notice

Robert L. Pattullo Jr
10 S. LaSalle Street
Suite 3400
Chicago, IL 60603
pattullo@pattullolaw.com
Via Electronic Notice

Jonathan E. Shimberg
Shimberg & Crohn PC
9003 Lincolnwood Drive
Evanston, IL 60203
jonshim@aol.com
Via Electronic Notice

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | **Case No. 10-00870** |
| Lambros J. Kutrubis, | ) | **Hon. Eugene R. Wedoff** |
| | ) | **Hearing Date: February 8, 2011** |
| Debtor. | ) | **Time: 10:00 a.m.** |

**Third and Final Application for Allowance and Payment of Compensation**
**and Reimbursement of Expenses of Baldi Berg & Wallace, Ltd.,**
**Former Attorneys for Debtor in Possession**

Baldi Berg & Wallace, Ltd. ("BBW"), former attorneys for Lambros J. Kutrubis, Debtor in Possession ("Debtor"), pursuant to section 330 of title 11, United States Code ("Code"), requests this Court to enter an order (a) allowing final compensation to BBW in the amount of $35,247.50 for 106.3 hours of legal services rendered to the Debtor from October 12, 2010 through January 21, 2011; (b) allowing to BBW the amount of $489.99 for reimbursement of its expenses incurred in connection with such services; (c) authorizing and directing the Debtor to pay such allowances forthwith; and, (d) ordering previously allowed interim compensation and expenses to be made final (the "Application"). In support thereof, BBW respectfully states as follows:

### Introduction

1.      Debtor commenced this bankruptcy case on January 12, 2010 by the filing of a voluntary petition for relief under chapter 11 of title 11, United States Code.

2.      Debtor remains in possession of his property and is operating and managing his business as debtor in possession, pursuant to sections 1107 and 1108 of the Code.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## History of the Case

4.      Prior to the commencement of the case, Debtor was involved in multiple legal proceedings pending in the Circuit Court of Cook County, including a protracted divorce case, two claims for legal malpractice initiated by the Debtor, a suit for building code violations and a foreclosure suit against the property commonly known as 1600-1608 W. Grand Avenue ("Grand Avenue Property") which Debtor owned jointly with his ex-spouse, a personal injury suit against the Debtor, and a contract claim asserted against the Debtor (collectively, the "State Court Matters").  In addition, George Feiwell ("Feiwell"), one of Debtor's former divorce attorneys, holds a judgment against Debtor for legal fees in the amount of $144,459.00 ("Feiwell Claim"). Feiwell served Citations to Discover Assets ("Feiwell Citations") on Debtor and other parties in an attempt to collect the Feiwell Claim.  In order to stop piecemeal collection activities against his assets and allow for an orderly disposition of the litigation against him, Debtor sought protection and reorganization under the Bankruptcy Code.

5.      Debtor filed a second amended plan and disclosure statement in this case on October 18, 2010.  On November 9, 2010, the Court entered an order approving Debtor's Third Amended Disclosure Statement.  Copies of the Disclosure Statement and Plan were mailed to creditors on December 3, 2010 and Debtor filed the ballot report on January 6, 2011.  A motion to convert the case to one under chapter 7 has been filed by the Office of the United States Trustee.  The hearing on the motion to convert and continued hearings on confirmation of the plan are scheduled for February 8, 2011.

## Retention of Baldi Berg & Wallace

6.      On February 2, 2010, this Court entered an Order authorizing the Debtor to employ BBW as his attorneys in this case ("Retention Order").  A copy of the Retention Order is

2

attached hereto as Exhibit A.   BBW was granted leave to withdraw as attorneys for Debtor on January 18, 2011.

7.    The professional qualifications and experience of the BBW attorneys and paralegals that performed substantial legal services for the Debtor during the period covered by this Application are set forth in Exhibit B.  A listing of the attorneys who were responsible for representing the Debtor during the period covered by the Application, their position with the firm, hourly rate and the total hours expended by each professional is detailed below:

| PROFESSIONAL | TITLE | RATE | HOURS | FEES |
|---|---|---|---|---|
| Joseph A. Baldi | Partner | $425.00 | 41.80 | $17,255.00 |
| Donna B. Wallace | Partner | $325.00 | 40.50 | $13,162.50 |
| Elizabeth C. Berg | Partner | $275.00 | .40 | $110.00 |
| Julia D. Loper | Contract Attorney | $200.00 | 23.60 | $4,720.00 |
| **TOTALS** | | | **106.30** | **$35,247.50** |

## Prior Compensation

8.    This is the third and final application ("Application") for allowance and payment of compensation that BBW has filed in this case.   BBW filed its first application ("First Application") for allowance and payment of compensation on April 16, 2010.  BBW filed its second application ("Second Application") for allowance and payment of compensation on October 19, 2010. The periods covered by the First and Second Applications and the amounts awarded to BBW pursuant thereto are as follows:

|  | Date of | Amounts | Amounts |
|---|---|---|---|
| Application | Order | Requested | Allowed |
| First Application | 5/26/2010 | $ 24,498.50 fees | $ 24,498.50 fees |
| 1/7/2010 – 4/30/2010 | 5/26/2010 | $1,039.00 exp. | $ 1,039.00 exp. |
| Second Application | 11/9/2010 | $ 53,702.50 fees | $ 53,447.50 fees |
| 4/30/2010 – 10/12/2010 | 11/9//2010 | $319.61 exp. | $ 319.61 exp. |

3

Copies of the May 26, 2010 and November 9, 2010 compensation orders are attached hereto as Exhibit E.    Because BBW has withdrawn as counsel for Debtor, it now seeks that the compensation and reimbursement of expenses allowed in the First and Second Application be made final.   A recapitulation, by category, of the amounts requested for compensation and expenses in the First and Second Application is attached hereto as Exhibit H.

<strong>Services Rendered by Baldi Berg & Wallace</strong>

9.     Itemized and detailed descriptions of the specific services rendered by BBW to the Debtor for which compensation is sought in this Application are reflected on the billing statements attached hereto as Exhibit C.   The billing statements set forth the name of each attorney or paralegal, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

10.     The services rendered by BBW have been segregated into eight specific categories and an itemized summary list is set forth below:

| Category | Total Hours | Total Fees |
|---|---|---|
| General Administration | 7.70 | $3,182.50 |
| Bowman Adversary/Appeal | 20.40 | $6,242.50 |
| Fee Applications | 7.60 | $1,782.50 |
| Grand Avenue Property | 20.60 | $7,637.50 |
| Operating Reports | 1.30 | $385.00 |
| Plan and Disclosure | 23.70 | $7,815.00 |
| Retention of Professionals | 10.90 | $3,500.00 |
| State Court Claims | 14.10 | $4,702.50 |
| **Totals** | **106.30** | **$35,247.50** |

11.    A description of the services rendered by BBW in each category during the period covered by this Application is as follows:

11.1    <u>General Administration</u>:    During the period covered by this Application, BBW conferred with Debtor to resolve issues related to the closing of the sale of Debtor's interest in the Halsted Partnership and to BBW's continued representation of Debtor.  When it became evident that Debtor did not concur with BBW's advice concerning the conduct of the bankruptcy case, BBW prepared and presented its Motion to Withdraw in the main bankruptcy case and each adversary case.

In connection with the foregoing services, BBW spent 7.7 hours for which it requests allowance and payment of final compensation in the amount of $3,182.50, as detailed below:

| Professional | Hours | Rate | <u>Fees</u> |
|---|---|---|---|
| Joseph A. Baldi | 7.00 | $425.00 | $2,975.00 |
| Donna B. Wallace | .30 | $325.00 | $ 97.50 |
| Elizabeth C. Berg | .40 | $275.00 | $ 110.00 |
| **Totals** | 7.20 | | $3,182.50 |

11.2 <u>Bowman Adversary/Appeal</u>:  Gloria Bowman ("Bowman"), Debtor's former step-daughter, filed an appeal challenging the Court's order approving the sale of Debtor's interest in the Halsted Partnership.  Bowman also filed an adversary case against Debtor which arises from the same factual allegations as the appeal.  Further, Bowman filed a secured claim in excess of $1,000,000 in the case.  During the period covered by this Application, BBW reviewed documents filed by Bowman in the appeal, researched rules of appellate procedure, prepared and filed the Appellee's designation of record on appeal, ordered all transcripts required and appeared at a hearing in District Court on Motions to Compel filed by Bowman.  In the adversary case, BBW prepared and presented a Motion to Dismiss the Adversary.  BBW also filed an

5

objection to the Bowman claim which resulted in the disallowance of the secured claim and a reduction in the unsecured portion of the claim.

In connection with the foregoing services, BBW spent 20.40 hours for which it requests allowance and payment of final compensation in the amount of $6,242.50, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Donna B. Wallace | 17.30 | $325.00 | $ 5,622.50 |
| Julia D. Loper | 3.10 | $200.00 | $620.00 |
| **Totals** | 20.40 | | $6,242.50 |

11.3 Fee Application:  BBW finalized preparation of and appeared on the second interim fee application, and prepared this third and final fee application and exhibits as well as the rule 2016 affidavit, rule 2002 notice to creditors and proposed order relating thereto.

In connection with the foregoing services, BBW spent 7.60 hours for which it requests allowance and payment of final compensation in the amount of $1,782.50, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Joseph A. Baldi | .50 | $425.00 | $212.50 |
| Donna B. Wallace | 1.20 | $325.00 | $390.00 |
| Julia D. Loper | 5.90 | $200.00 | $1,180.00 |
| **Totals** | 7.60 | | $1,782.50 |

11.4 Grand Avenue Property:  Debtor was a co-owner of the Grand Avenue Property with Stokes, his ex-wife and continues to hold an interest in that property to secure payment of the Stokes Divorce Payment.  The Grand Avenue Property was subject to a lawsuit for building code violations and a foreclosure was pending.  BBW previously filed an adversary proceeding to sell the Grand Avenue Property free and clear of Stokes interest.  During the period covered

by this Application, BBW prepared and presented a Motion for default against Stokes which resulted in the Court entering an order authorizing Debtor to sell the Grand Avenue Property free and clear of Stokes interest.   BBW engaged in numerous meetings and conversations with representatives of Stokes and with Debtor in an effort to settle disputes related to the Grand Avenue Property and to attempt to settle disputes related to the Stokes Divorce payment.  When Stokes refused to allow Debtor's realtor access to the Grand Avenue Property to show the property, BBW prepared and presented a Motion to Compel Stokes to co-operate in the sale.

In connection with the foregoing services, BBW spent 20.60 hours for which it requests allowance and payment of final compensation in the amount of $7,637.50, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Joseph A. Baldi | 17.90 | $425.00 | $7,097.50 |
| Julia D. Loper | 2.70 | $200.00 | $540.00 |
| **Totals** | 20.60 | | $7,637.50 |

11.5 Operating Reports: BBW ensured that the Debtor's monthly operating reports were prepared properly and filed with the Court, as required under the Bankruptcy Code and pursuant to guidelines established by the United States Trustee.

In connection with the foregoing, BBW spent 1.30 hours for which it requests allowance and payment of final compensation in the amount $385.00, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Donna B. Wallace | 1.00 | $325.00 | $325.00 |
| Julia D. Loper | .30 | $200.00 | $60.00 |
| **Totals** | 1.30 | | $385.00 |

11.6 Plan and Disclosure Statement:   During the period covered by this Application, BBW conferred with creditors who objected to Debtor's Second Amended Disclosure Statement and revised the Disclosure Statement and Plan in an effort to resolve the objections.   BBW appeared at hearings to approve the Third Amended Disclosure Statement.   BBW revised the Third Amended Disclosure Statement to include relevant dates and update factual issues. BBW conferred with Debtor concerning the plan and the effect of his conduct and decisions on confirmation.   BBW prepared the Report of Balloting.   BBW also prepared and presented two Motions to Extend Time to Confirm Plan.

In connection with the foregoing, BBW spent 23.70 hours for which it requests allowance and payment of final compensation in the amount $7,815.00, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Joseph A. Baldi | 5.00 | $425.00 | $2,125.00 |
| Donna B. Wallace | 15.60 | $325.00 | $5,070.00 |
| Julia D. Loper | 3.10 | $200.00 | $620.00 |
| **Totals** | 23.70 | | $7,815.00 |

11.7  Retention of Professionals:    BBW prepared and presented a motion to approve the retention of additional special counsel to debtor.   BBW negotiated the terms of the listing agreement with the broker designated by Debtor.   BBW prepared a bankruptcy rider for the listing agreement.   BBW prepared and presented the motion to hire a real estate broker to list and sell the Grand Avenue Property.   The motion to retain the broker to sell the Roscoe property was prepared, but was not filed or presented because issues with representation arose.

In connection with the foregoing, BBW spent 10.90 hours for which it requests allowance and payment of final compensation in the amount $3,500.00 as detailed below:

8

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Julia D. Loper | 4.90 | $200.00 | $980.00 |
| Joseph A. Baldi | 5.70 | $425.00 | $2,422.50 |
| Donna B. Wallace | .30 | 325.00 | $97.50 |
| **Totals** | 10.90 | | $3,500.00 |

11.8 State Court Matters:  During the period covered by this Application, BBW attended
the hearing on the Motion to Compel Debtor to close the sale of his interest in the Halsted sale.
BBW prepared documents for the closing and met with Debtor to review the closing documents
and have documents executed.  BBW conferred with special counsel concerning the status of
various adversary proceedings, particularly the status of the Feiwell adversary.  When special
counsel withdrew from the Feiwell adversary proceedings within weeks of the scheduled trial,
BBW conferred with opposing counsel and Debtor to attempt a settlement; BBW reviewed
documents received from former special counsel and prepared and filed witness and exhibit lists.
BBW conferred with Feiwell's attorneys concerning the segregation of the proceeds received
from the Halsted sale and the establishment of an escrow account.  BBW reviewed and
commented on a proposed escrow agreement drafted by Feiwell.

In connection with the foregoing services, BBW spent 14.10 hours for which it requests
allowance and payment of final compensation in the amount of $4,702.50, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Joseph A. Baldi | 5.70 | $425.00 | $2,422.50 |
| Donna B. Wallace | 4.80 | $325.00 | $1,560.00 |
| Julia D. Loper | 3.60 | $200.00 | $720.00 |
| **Totals** | 14.10 | | $4,702.50 |

**Compensation Requested**

12.      BBW has spent a total of 106.3 hours for the services described in paragraph
11 above from October 12, 2010 through January 21, 2011.  The total value of those services and
the amount of compensation requested therefore is $35,247.50.  A summary of the hours spent
and the dollar value of the services rendered in each category is listed on the table in paragraph
10 above.

13.      All of the services performed by BBW were required for proper representation
of the Debtor in this case, were authorized by this Court and were performed by BBW at the
request and direction of the Debtor.  Pursuant to section 330 of the Code and the generally
applicable criteria with respect to the nature, extent and value of the services performed, all of
BBW's services are compensable and the compensation requested is fair and reasonable.  There
has been no duplication of services rendered to the Debtor by BBW for which compensation is
requested.

14.      The rates charged by the attorneys of BBW in this Application were their
usual and customary hourly rates charged during the period covered by this Application for work
performed for other clients in both bankruptcy and non-bankruptcy matters.  Each of the billing
statements attached hereto as Exhibit C contains a comprehensive listing, by category of service,
of each person who performed services for the Debtor, the number of hours they expended in
each category and the compensation requested therefore.

15.      This Application includes 7.60 hours of time and a request for compensation
in the amount of $1,782.50 for services relative to the preparation of the Second Application as
well as this Application. This Application represents the third and final application for
compensation that BBW has filed in this case.

10

## Expenses

16.     BBW has incurred expenses in the amount of $489.99 in connection with its representation of the Debtor during the period covered by this Application for which it now requests reimbursement.  These expenses relate to the Plan and Disclosure Statements, service of various motions and transcript copies relating to the Bowman Appeal.

17.     The actual expense incurred by BBW is set forth below:

| Expense | Cost |
|---------|------|
| Photocopying | $214.00 |
| Postage | $173.99 |
| Transcripts | $102.00 |
| **Total** | **$489.99** |

## Payments Received

18.     Prior to the entry of the order authorizing Debtor to retain BBW, BBW received an advance payment retainer in the amount of $11,000.00 which was paid by the Debtor.  This retainer was an advance payment retainer for future services and costs for BBW's representation of the Debtor in this case.  On May 26, 2010, this Court entered an order allowing interim compensation in the amount of $24,498.50 and allowed reimbursement of expenses in the amount of $1,039.00.  (Attached hereto as Exhibit E)  BBW was authorized to apply the retainer previously received and authorized Debtor to pay that sum.  On November 9, 2010, this Court entered an order allowing interim compensation in the amount of $53,447.50 and allowed reimbursement of expenses in the amount of $319.61.  (Exhibit E).  Of the $79,304.61 in fees and expenses previously allowed by this Court, BBW has received payments totaling $27,000.00 comprised of application of the retainers and post-petition payments received from the Debtor.

**Payment of Compensation**

19.      The source of the proposed payment to BBW of the final compensation and expense reimbursement allowed herein is requested to be paid from the property of the Debtor or the Estate.

20.      BBW has not entered into any agreement or understanding of any kind, express or implied, with any other entity to share any compensation received or to be received by BBW for services rendered to the Debtor in connection with this case.

21.      BBW has not previously received or been promised any payments for services rendered in this case except as set forth in paragraph 18 above.

22.      The Affidavit of Joseph A. Baldi pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure is attached hereto as Exhibit F and made a part hereof.

**Status of the Case**

23.      Debtor continues to operate his business.  Debtor is current on all financial reporting requirements and payments to the U.S. Trustee for chapter 11 fees.  The U.S. Trustee has filed a motion to convert or dismiss the case.

**Notice to Creditors**

24.      BBW previously has sent 18 days' notice of the Application to the Debtor, all creditors and other parties in interest, including the United States Trustee in accordance with the provisions of Rule 2002 of the Federal Rules of Bankruptcy Procedure.  BBW requests that the notice period be shortened in this instance as BBW has withdrawn as council and a motion to convert the case is now pending.  A copy of the notice is attached hereto as Exhibit G.

12

**Debtor's Approval**

25.      BBW certifies that the Debtor has received a copy of this Application.  BBW cannot make a representation as to whether Debtor has reviewed and approved this Application due to the strained relationship between the parties.

WHEREFORE, BBW requests the entry of an order providing the following:

A.      Allowing to BBW final compensation in the amount of $35,247.50 for actual and necessary professional services rendered to the Debtor from October 12, 2010 through January 21, 2011;

B.      Allowing to BBW reimbursement in the amount of $489.99 for its actual and necessary expenses incurred in connection with such services;

C.      Authorizing Debtor to pay BBW the sum of $35,737.49 in payment of the final compensation and expenses allowed pursuant to this Application;

D.      Designating the previously allowed interim payments for compensation and reimbursement of expenses as outlined in this Application to be made final;

E.      Granting BBW a final administrative expense claim of $88,042.10 which represents the total final compensation and reimbursement of expenses allowed to BBW less the payments received from Debtor; and,

F.      Granting such other and further relief as this Court deems appropriate.

Dated:  January 25, 2011          BALDI BERG & WALLACE, LTD., Former attorneys for
                                  LAMBROS J. KUTRUBIS debtor and debtor in possession

                                  By:  /s/ Joseph A. Baldi_____
                                            Partner

Joseph A. Baldi
Donna B. Wallace
BALDI BERG & WALLACE, LTD.
19 S. LaSalle Street, Suite 1500
Chicago, Illinois  60603
312-726-8150

13