UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re: §
§
LAMBROS J KUTRUBIS § Case No. 10-00870
§
Debtor(s) §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

 Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Gregg Szilagyi, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

 The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
219 S. Dearborn Street
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 9:30 AM on 11/06/2013 in Courtroom ,
United States Courthouse
219 S DEARBORN ST, RM 744, CHGO, IL 60604

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 10/04/2013    By: Gregg Szilagyi
                         Trustee

*Gregg Szilagyi*
*542 South Dearborn Street*
*Suite 1060*
*Chicago, Illinois 60605*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS

| | |
|---|---|
| In re: § | |
| § | |
| LAMBROS J KUTRUBIS § | Case No. 10-00870 |
| § | |
| Debtor(s) § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 3 | George Feiwell d/b/a George S. Feiwell, PC | $ | $ | $ | $ |
| 7 | Eugene Stokes, Jr. | $ | $ | $ | $ |

Total to be paid to secured creditors   $_____

Remaining Balance                        $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Gregg Szilagyi | $ | $ | $ |
| Attorney for Trustee Fees: SHAW FISHMAN | $ | $ | $ |
| Attorney for Trustee Expenses: SHAW FISHMAN | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Accountant for Trustee Fees: POPOWCZER KATTEN LTD. | $ | $ | $ |
| Fees: Office of the U.S. Trustee | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

    Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Fees: BALDI BERG & WALLACE | $ | $ | $ |

    Total to be paid for prior chapter administrative expenses      $_____

    Remaining Balance      $_____

    In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 10 | Illinois Department of Revenue | $ | $ | $ |
| 11 | Department of Treasury | $ | $ | $ |

    Total to be paid to priority creditors      $_____

    Remaining Balance      $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DEPARTMENT STORES NATIONAL BANK/MACY"S | $ | $ | $ |
| 2 | Patrick Rubey | $ | $ | $ |
| 5 | Atlas Acquisitions LLC | $ | $ | $ |
| 6 | Anita Papanek | $ | $ | $ |
| 8 | City of Chicago | $ | $ | $ |
| 9 | Asset Acceptance, LLC | $ | $ | $ |
| 10 | Illinois Department of Revenue | $ | $ | $ |
| 11 | Department of Treasury | $ | $ | $ |
| 17 | John Kutrubis | $ | $ | $ |
| 18 | Collins Bargione & Vuckovich | $ | $ | $ |
| 20 | Bruce A Peterson | $ | $ | $ |
| 22 | Lawerence P Seiwert Esquire | $ | $ | $ |
| 23 | Jeffrey W. Krol & Associates | $ | $ | $ |
| 25 | B-Line, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance                                          $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be    percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 26 | George G Kamberos | $ | $ | $ |
| 27 | Becki Kamberos | $ | $ | $ |

    Total to be paid to tardy general unsecured creditors    $_____

    Remaining Balance    $_____

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

    Prepared By: Gregg Szilagyi_____

                                        Trustee

*Gregg Szilagyi*
*542 South Dearborn Street*
*Suite 1060*
*Chicago, Illinois 60605*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.